KEEBEY'S, INC., *v.* WILLIAMS.

Opinion delivered June 8, 1931.

*Martin & Martin,* for appellant.
*Carmichael & Hendricks,* for appellee.

MEHAFFY, J. The appellant brought suit in replevin in the Little Rock Municipal Court against Edwin W. Shirey to recover certain personal property.

The appellant made, executed, and filed the statutory affidavit as required by § 8640 of Crawford & Moses' Digest.

The court issued an order for the delivery of the property and inserted a clause commanding the officer that, if the property mentioned in the order could not be found, to take the body of the defendant, that is, to arrest the defendant, as provided in § 8642 of Crawford & Moses' Digest.

Appellant also executed a bond as provided for in § 8643 in Crawford & Moses' Digest. This bond is to the effect that the plaintiff shall prosecute the action, and that he shall perform the judgment of the court therein by returning the property if a return thereof shall be adjudged, etc.

The sheriff refused to serve the writ, that is, refused to arrest the defendant, until plaintiff executed a bond to the effect that the plaintiff shall pay to the defendant all the damage which he may sustain by reason of the arrest, if the order is wrongfully obtained.

Upon the refusal of the sheriff to arrest the defendant, the appellant here filed in the Pulaski Circuit Court a petition for mandamus. The sheriff, the appellee herein, filed a general and special demurrer to the petition. The court sustained the demurrer; the appellant properly excepted, and refused to plead further, and the court dismissed the petition. The case is here on appeal.

The only question for our consideration is whether the sheriff had the right to refuse to serve the writ until a bond was given to the effect that the plaintiff should pay the defendant all damages which he might sustain by reason of the arrest if the order was wrongfullly obtained.

The appellant insists that, having given the bond provided for in § 8643, he was not required to give any

other bond, and that it was the duty of the sheriff to serve the writ, but the bond provided for in this section is in fact a delivery bond and is for not exceeding double the value of the property and the cost of the action.

Section 8642 of Crawford & Moses' Digest provides that if the plaintiff shall file an additional affidavit that he believes the property has been concealed, removed, or disposed of in any way with intent to defeat the plaintiff's action, the clerk or magistrate shall insert a clause commanding the sheriff or other officer, if the property mentioned in the order cannot be had, to take the body of the defendant so that he appear at the return day of the order to answer the premises. The additional affidavit was not made.

It was necessary that this additional affidavit be filed before the court could make the order for the arrest of the defendant, and, since this affidavit was not filed, the sheriff was justified in refusing to serve the writ until plaintiff executed a bond; but, even if the additional affidavit had been filed, still the sheriff would not be required to serve the writ until the bond was given.

Section 438 of Crawford & Moses' Digest is as follows: "A defendant in a civil action can be arrested and held to bail only upon the conditions and in the manner prescribed in this chapter." Section 439 provides for the procedure. Section 440 is as follows: "The order of arrest shall not be issued by the clerk until there has been executed in his office, by one or more sufficient sureties of the plaintiff, a bond to the effect that the plaintiff shall pay to the defendant all damages which he may sustain by reason of the arrest if the order is wrongfully obtained."

It will be seen therefore that the statute expressly provides that the arrest shall not be made until the bond provided for in § 440 had been executed.

The appellee calls attention to numerous questions which we do not deem it necessary to discuss because the statute plainly requires the bond before the sheriff can

be required to serve the writ. The statute providing for the capias clause has been construed a number of times by this court, and it is sufficient to say that it is a valid statute and not violative of the constitutional provisions discussed by appellee. It does not violate § 2 of art. 16 of the Constitution with reference to imprisonment for debt. In the first place, the statute does not provide for imprisonment for debt, but it provides for the arrest upon the filing of an affidavit charging that the property has been concealed, removed, or disposed of in any way with intent to defeat the plaintiff's action. The arrest is not for debt, but it is for the fraud in concealing or disposing of the property for the purpose of defeating plaintiff's action.

An action in replevin may be brought where plaintiff's property is wrongfully detained by the defendant, whether there is any debt or not. The property might have been stolen or defendant might have gotten possession of it in many ways without being indebted in any way to the plaintiff, but we deem it unnecessary to discuss these questions further, because § 440 of Crawford & Moses' Digest requires that the bond shall be given before the order of arrest shall be issued.

The judgment of the circuit court is affirmed.